**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
ALEXIS FIELDS,

                Plaintiff,

      -against-

BAYERISCHE MOTOREN WERKE
AKTIENGESELLSCHAFT, a German
Corporation, BMW OF NORTH AMERICA,
LLC, BMW MANUFACTURING CO., LLC,
BMW OF NORTH AMERICA, INC.,
BMW GROUP, INC., and BMW (US)
HOLDING CORPORATION

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

18-CV-2889 (GRB)(AYS)

Enough is enough.

Next week, this Court will commence a jury trial in this case, which involves injury to plaintiff's thumb allegedly resulting from a self-closing door mechanism marketed by defendants. In the last ten days, the parties have inundated the Court and each other with 60 docket entries – including 18 fully-briefed motions *in limine* with more than 100 notices, declarations, exhibits and, most troublingly, separate legal memoranda, long on rhetoric and redundancy yet short on legal authority or factual merit. This fusillade more than doubled the filings amassed over four years of vigorous litigation.

While one might expect a flurry of activity in the days leading up to trial, counsels' actions amount to frantic, shameless efforts to obtain tactical advantage. Abandoning any veneer of professionalism or courtesy, counsel filed baseless applications and managed to simultaneously violate the Local Rules of this District, this Court's individual practice rules and court orders entered in this case.

As a result, (1) all pending motions *in limine* are denied; (2) counsel are directed to meet and confer *in person* forthwith in a good faith attempt to resolve their differences; (3) counsel will refile their joint pretrial order, eliminating senseless objections, clarifying the nature of the claims and defenses and providing a meaningful set of stipulated facts; and (4) any unresolved *in limine* motions will be filed in a single consolidated set of motion papers, complying with all applicable rules. Because of counsels' dilatory conduct, these matters will necessarily be completed on an accelerated schedule; the trial date will not be adjourned.

*Procedural History*

As relevant here, this case was commenced in early 2018 by the filing of a complaint, with an amended complaint filed later that year. DE 1, 15. Issue was joined, and adjournments were liberally granted by the Court to allow completion of discovery. *See, e.g.*, Electronic Orders dated July 25, 2019, January 29, 2020, March 4, 2020 and April 4, 2020. In January 2020, this case was transferred to the undersigned, and counsel were ordered to download and review this Court's individual motion practices. Electronic Order dated January 28, 2020. In February 2021, Magistrate Judge Locke certified discovery was completed. DE 46. In August 2021, following extensive briefing by the parties, the Court held a pre-motion conference, at which a proposed motion for summary judgment was deemed filed, and granted in part, denied a motion for preclusion of plaintiff's expert under *Daubert* and resolved a spoliation motion through the dismissal of a manufacturing defect claim. DE 57, 58. The Court also cautioned that it would obtain a jury trial date, but that in the wake of the pandemic, there would be little flexibility, and granted the parties 60 days to propose a jury selection date. DE 58 at 47-51.

The parties could not agree on a trial date. DE 60. In November 2021, based on the parties' representations concerning COVID-19 travel restrictions, the Court entered a scheduling order

setting the April 5, 2022 trial date. Electronic Order dated November 30, 2021. More than three months later, plaintiff's counsel twice moved to adjourn the trial date, which was opposed by defendants and denied by the Court. DE 65-67, 68-69, Electronic Orders dated March 8, 2022 and March 11, 2022. Days later, this Court entered an order setting a March 22, 2022 deadline for "motions *in limine*, if any," again directing the parties to this Court's individual practice rules. Electronic Order dated March 14, 2022.

*The Litigative Tsunami*

With the prospect of a firm trial date approaching, the parties began their barrage of frivolous and unnecessary applications, which revealed highly unprofessional gamesmanship by counsel. It began with a subpoena request by plaintiff's counsel for appearance at trial by a witness well outside this Court's territorial jurisdiction. DE 70. Defendants' counsel, for its part, moved for a "so ordered" subpoena for appearance by the Suffolk County Clerk to produce records of a matrimonial proceeding which raised obvious comity and confidentiality issues and, when questioned by the Court, turned out to be unnecessary. DE 133.[1]

The parties then besieged the Court with scores of separate motions *in limine*. Many seek relief so very inconsequential that their filing only highlights counsels' failure to reasonably engage with each other in anticipation of trial. *See, e.g.*, DE 123 (Defendant's Motion *in Limine* #13 "to preclude reference to Defendants as 'foreign' and 'German,' and to Plaintiff as a

---

[1] This issue proved quite telling. After the Court inquired into the necessity of issuing a "so ordered" subpoena to a state court records department, plaintiff conceded the authenticity of the records, but went on to argue against their admissibility by stating that Mr. Fields' consortium claim would not be presented by the jury. DE 134. While plaintiffs' counsel claim they had effectively withdrawn Mr. Fields' claim, their citation to the proposed pretrial order belies this contention. DE 129; *cf*. DE 124 (motion *in limine* discussing Mr. Field's testimony as a victim of the accident). Meanwhile, defendants continue to press for the subpoena, which has clearly been rendered immaterial. DE 135.

3

'victim'"); DE 118 (Plaintiff's Motion in Limine #5 to require 24-hour notice of witnesses and exhibits); DE 104 (Defendant's motion in Limine #12 to prohibit plaintiff's counsel from using the words "callous" and "insensitive"). Counsels' profligacy is further revealed by the filing of supporting and opposing memoranda concerning *relief for which both parties advocate*. DE 78, 79 (regarding invocation of witness exclusion rule). Other motions border upon the incomprehensible. *See, e.g.*, DE 125-26, 128 (Defendant's Motion to "Preclude Reptile Theory And Golden Rule Arguments").[2]

Plaintiff's third motion *in limine* demonstrates the petulant nature of these applications. DE 116. In this instance, plaintiff moved to prevent defense counsel from showing exhibits to the jury without first giving plaintiffs' counsel the opportunity to see them, roughly the legal equivalent of asking that the sky should be blue during the trial. Astonishingly, counsel's concern turned out to be justified because defense counsel *opposed* the motion, lodging a specious objection predicated on work product privilege. DE 116-1. Meanwhile, defendant's Motion *in Limine* #13 "to preclude reference to Defendants as 'foreign' and 'German,'" is presumably based on the belief that the jury will be unaware that BMWs are made abroad and will remain oblivious to the caption of this case which was filed against "Bayerische Motoren Werke Aktiengesellschaft, a German Corporation."

On March 22, 2022, counsel filed a document purporting to be a joint pretrial order. DE 129. It contains dozens of pages of objections to exhibits, many based upon lack of authentication and foundation. And, notably, it contains this notion, which may well be unprecedented in this

---

[2] This motion seemingly concerns the potential deployment of strategies by plaintiff's counsel derived from a book entitled *Reptile: The 2009 Manual of the Plaintiff's Revolution*. Courts have uniformly held that such matters are "not appropriate to be ruled upon in a Motion *in Limine*." *Gannon v. Menard, Inc.*, 2019 WL 7584294, at *5 (S.D. Ind. Aug. 26, 2019) (collecting cases).

4

history of our republic: "the Defendants object to Plaintiffs' characterization of the individual BMW entities collectively as 'Defendants.'" DE 129 at 5. Perhaps unsurprisingly, under the heading "Stipulations of Procedure, Fact or Law," the parties wrote one word: "None." DE 129 at 6.

*Discussion*

"Unfortunately for the parties, the Court, and the interests of justice, the attorneys involved in this dispute have failed to embrace, both here and elsewhere, the notion of cooperation among counsel and adherence to court directives in conducting litigation." *Rodriguez v. Pie of Port Jefferson Corp.*, No. 14-cv-519 (LDW)(GRB), 2015 WL 1513979, at *2 (E.D.N.Y. 2015). In thoughtlessly burdening this Court and generating outrageously unnecessary litigation costs with their supercilious endeavors, counsel have run afoul of court rules, directives and orders. For example, Local Rule 37.3 provides as follows:

> (a) Good-Faith Effort to Resolve. Prior to seeking judicial resolution of a discovery or non-dispositive pretrial dispute, the attorneys for the affected parties or non-party witness shall attempt to confer in good faith in person or by telephone in an effort to resolve the dispute . . .

Unlike its counterpart enacted by the Southern District of New York – Local Rule 37.2 which is expressly limited to discovery motions – Local Rule 37.3 explicitly includes any "non-dispositive pretrial dispute." Thus, counsel are required, by the terms of Local Rule 37.3, to make a good faith attempt to resolve all non-dispositive pretrial matters before seeking judicial intervention.[3]

---

[3] This Local Rule is more commonly applied in discovery disputes, and research has revealed one decision that could be read to suggest that the meet and confer requirement is limited to discovery disputes. *See Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, 2019 WL 5694256, at *5 (E.D.N.Y. 2019), report and recommendation adopted, 2020 WL 1242616 (E.D.N.Y. 2020). However, given the unequivocal terms of Local Rule 37.3 and its clear variation from its SDNY counterpart, the rule is clearly meant to apply to all non-dispositive pretrial disputes. This district was plainly empowered to adopt such a provision. *See* Fed. R. Civ. P. 83

The present posture of this case not only conclusively demonstrates that counsel failed to do so, but raises, in high relief, the wisdom and importance of this requisite. Put another way, had counsel made any earnest effort to resolve their differences in a professional manner – as required by the rules of this Court and the dictates of decency – much if not all of the burgeoning, wasteful pending motions could have been averted. Other applicable rules command like outcomes. *See* Fed. R. Civ. P. 1 (mandating that the rules be construed so as to ensure "just, speedy and inexpensive determination" of every matter); EDNY Local Civil Rule 26.4 ("Counsel are expected to cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other"); *cf. Rodriguez*, 2015 WL 1513979, at *2 ("The importance of these Rules in efficiently resolving disputes cannot be overemphasized").

Additionally, counsel plainly ignored this Court's individual practice rule providing that "parties are directed to cooperate with each other in the preparation of the Joint Pretrial Order," and "[q]uestions of authenticity, best evidence, chain of custody, and related grounds should be resolved between the parties before trial." Individual Practice Rules of Judge Gary R. Brown, Rule III.a.7. This failure directly led to the filing of several of the pointless *in limine* motions now pending. For example, defendant's "Motion in Limine No. 5" seeks to exclude any attempt by plaintiff to submit uncertified translations of documents, without knowing whether plaintiff intends to do so. *See* DE 73-3 ("it is expected that Plaintiffs may try to introduce into evidence at trial uncertified translations of German-language documents"). As noted, two orders in this case specifically directed counsel to review those individual practice rules, with particular reference to

---

(authorizing "a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice.").

the preparation of the pretrial order.  Electronic Orders dated January 28, 2020 and March 14, 2022.  Of course, had they followed the Court's rules, or used common sense, counsel could have simply discussed the question of certified translations, along with many, if not all, of the petty disputes raised in the motions *in limine*.  Furthermore, the absence of a single stipulation of fact and the scores of authenticity and foundation objections in the pretrial order further evidence a wanton disregard of this Court's directives.

This ends now.  This case, which counsel has repeatedly asserted represents a serious matter, will not be conducted via ambush, unfair tactics or unnecessary motion practice.  Unquestionably, counsel for both parties could (and perhaps should) be sanctioned for their conduct under Rules 11 and 37, 28 U.S.C. § 1927 and the Court's inherent authority.  At this juncture, though, monetary sanctions would not likely advance the interests of justice.  Evidentiary and procedural sanctions such as those suggested by Rule 37(b)(2) – including striking pleadings, claims and defenses, and preclusion of witness and evidence – seem, for the moment, unfair to the parties.  Counsel should be under no illusion: in the face of continued conduct like that described herein, this Court will not hesitate to deploy the broad array of corrective measures available.

In lieu of sanctions, the Court hereby orders the following measures:

1. All motions *in limine* are DENIED, including those found at DE 73-4, 76, 78, 80, 83, 86, 89, 92, 95, 98, 101, 104, 106, 109, 113-119, 123, 125;

2. The Joint Pretrial Order found at DE 129 is deemed withdrawn;

3. Counsel will meet and confer *in person* on Wednesday, March 30 and shall engage in a good-faith effort to resolve outstanding disputes, eliminate unneeded objections and resolve the issues presented in the motions *in limine*;

4. By close of business Friday, April 1, counsel shall file a revised pretrial order that will (a) eliminate the withdrawn claim of Mr. Fields; (b) remove all unnecessary objections (such as the rampant authenticity and foundation objections); and (c) provide a

7

    reasonable set of stipulations of fact to help avoid unnecessary proceedings and delay; and

5. Should the parties, after reflection, find that any of the motions *in limine* present issues that are factually and legally valid and cannot be reasonably resolved by agreement, counsel shall file a single, consolidated *in limine* motion on or before 5 pm on Friday, April 1, 2022. Any responsive memoranda shall be filed on or before 5 pm on Monday April 4, 2022. No replies shall be permitted.

Jury selection and trial shall commence, as scheduled, on April 5, 2022.

*Conclusion*

The measures set forth above are intended to help ensure that this matter moves forward in a reasoned, fair and efficient manner. The Court will carefully scrutinize any subsequent filings, keeping in mind its authority and responsibility to sanction conduct which needlessly increases litigation costs.

**SO ORDERED.**

Dated: March 28, 2022
       Central Islip, New York

                                      /s/ Gary R. Brown
                                 HON. GARY R. BROWN
                                 UNITED STATES DISTRICT JUDGE